## COURT MARTIAL OF A MINOR IN THE OHIO NATIONAL GUARD.

Common Pleas Court of Cuyahoga County.

IN RE APPLICATION OF JOSEPH KUCHTA FOR A WRIT OF HABEAS CORPUS. *

Decided, April 30, 1909.

*Ohio National Guard—Enlistment of Minor—Contract Voidable by Parent—But Minor Subject to Discipline and Liable to Court Martial while in the Service—Jurisdiction of Civil and Military Tribunals—Habeas Corpus.*

1. A minor, entering into a contract of enlistment with the Ohio National Guard, and receiving pay under said contract from the government, becomes a soldier subject to the duly authorized rules and regulations of the organization.

2. The application for a writ of habeas corpus by a parent claiming the exclusive custody and control of such minor will be refused, notwithstanding his minority and the fact that the parent did not give his written consent to such enlistment, where said minor is under arrest on charges over which the military court has jurisdiction.

3. Such a contract of enlistment is voidable by the parent any time before the commission of the offense or after sentence served, but not otherwise.

4. Civil courts will not interfere in matters over which the military tribunals have jurisdiction.

*Toland & Pearson,* for applicant.
*Myler & Turney,* contra.

KEELER, J.

This action for a writ of habeas corpus is brought by Joseph Kuchta, the father of William Kuchta, a minor.

It is claimed by the father that his son is unlawfully imprisoned and restrained of his liberty by the sheriff of this county. The return of the sheriff shows that the said William Kuchta is committed to his custody as an enlisted man of the Ohio

---

*Affirmed by the Supreme Court in *McGorry* v. *Murphy;* reported, 80 Ohio State.

National Guard by Captain Arthur S. Houts, Fourth Infantry Ohio National Guard, and that he holds him simply as the agent of the military authorities. No complaint is made as to the formality or regularity of the commitment.

The record and evidence discloses the fact that the said William Kuchta did, in June, 1908, voluntarily make application for enlistment in the Ohio National Guard, representing himself at the time to be twenty-one years of age; that he was inspected by the recruiting officer, passed the medical examination, took the oath, became enlisted, and received pay as a soldier from the government. He accompanied the Fourth Infantry, as a member, to a certain encampment held in Indiana, to and from which his transportation and expenses were paid by the government, and was otherwise identified with the organization as a member and soldier.

At the time he enlisted his father, Joseph Kuchta, was not aware of what his son had done in this respect, and did not ascertain the fact until some three months afterwards, or some six months prior to the beginning of this action.

The father bases his right to the writ upon the ground that his son, at the time he enlisted, was a minor, being of the age of about seventeen years; that he, his father, at no time gave his consent to the enlistment, and that he alone is entitled to his custody and control.

Plaintiff relies on Section 3023 of the statutes, which provides that the militia of the state is divided into two classes, to-wit, the organized militia known as the Ohio National Guard and the Ohio Naval Militia, and the Reserve Militia; and that every able-bodied male citizen who is more than eighteen and less than forty-five years of age shall be enrolled in the militia and perform military duty, etc. He claims that by virtue of that statute his son did not become, as a matter of law, an enlisted soldier; that he could not have committed the offense charged against him, and therefore can not be punished.

While the statute made every able-bodied male citizen more than eighteen and less than forty-five years of age a member of the militia of the state, and subject to military duty, there was nothing in the statute which made it unlawful for the accused to enlist

at the age of seventeen. Although a minor, as between himself and the Ohio National Guard, his contract of enlistment was binding, but voidable either by his father, under proper circumstances, or by the military authorities; but at no time prior to the arrest did the father undertake to exercise his privilege. To be sure, this apparent acquiescence in what his son had done did not amount to such a consent as the law requires, for that consent must be in writing, which consent does not appear from the evidence, and which all parties will concede was at no time given. The fact does remain, however, that if the father was anxious to relieve his son from any obligation he might be under to the military tribunal, he had plenty of time and opportunity to do so from September, 1908, down until the time this action was begun, a period of some six months. He now comes into court and undertakes to assert a right after his son, as an enlisted soldier, has been placed under arrest for violating some military rule or regulation. I am inclined to think that whatever rights he may have had and did have prior to the arrest will not avail him now, for the reason that conditions have entirely changed.

It is a well-settled principle of law that civil courts will not interfere with the military authorities wherever the latter have jurisdiction of the subject-matter in controversy. There is no doubt in my mind of the jurisdiction of the military court over the acts and conduct of the accused. He was an enlisted soldier; he had received pay as such from the government; and I hold that, notwithstanding the fact that his enlistment was not consented to, and not withstanding his minority so long as he remained in the service he was amenable to the military law. This court will not interfere, therefore, to discharge him on a habeas corpus on the petition of his father, he being under arrest and held on a charge cognizable by the summary court of the Ohio National Guard and the laws of the state. After that military proceeding shall have been terminated, and after the expiration of whatever sentence may be inflicted upon him, his father would be, in my judgment, entitled to assert his rights as to his control and custody, and would have those rights respected not only by the military authorities, but by this court, if necessary. To reason otherwise

would be to hold, absurdly, that after committing the offense charged against him, he would be amenable to military jurisdiction only with the consent of his parent; and that the father could defeat the trial by the court martial by opposing the prosecution on the ground of infancy (144 Fed. Rep., 79). That his father could release him from his contract of enlistment before arrest or after serving sentence, there is no doubt; but that is a very different thing from obtaining his release and immunity from prosecution for acts committed against law. Being a soldier, he became amenable to the military law just the same as, though a minor, he would have become subject to the civil law. His father could not prevent the law's enforcement in either case.

Judge Dillon, one of the greatest lawyers living to-day, and in his time a great judge, states, in 16 Iowa, 597-9, that, on a charge of desertion, infancy is no defense, and that one thus accused must abide the sentence of a court martial before he can contest the validity of his enlistment. He also states that there would be an end of all safety if a minor could insinuate himself into an army, and, after perhaps jeopardizing its very existence by telling its secrets to the enemy, escape military punishment by claiming the privilege of infancy; and he held that where the return through a writ of habeas corpus shows that the prisoner is held to answer to a charge of a military crime, in which the military courts had exclusive jurisdiction, the civil courts would not even inquire into the validity of his enlistment.

As I read the authorities, these principles are laid down in substantially all of them. 44 Fed. Rep., 876; 37 Fed. Rep., 668; 30 Fed. Rep., 176; 14 Fed. Rep., 79; 144 Fed. Rep., 79; 126 Fed. Rep., 127; 114 Fed. Rep., 842; 137 U. S., 147.

The petition for the writ of habeas corpus will therefore be denied, and the prisoner remanded to the custody of the military court.